IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Timothy C. Jones                    :

        Plaintiff,          :   Case No. 2:07-cv-0254

  v.                                :   Judge SARGUS

Timothy Brunsman, et al.,           :

        Defendants.         :

REPORT AND RECOMMENDATION AND ORDER TO MAKE SERVICE

    Plaintiff, Timothy Jones, a state prisoner, filed this action against Timothy Brunsman, the warden at the Chillicothe Correctional Institution, and two other employees of that institution. He asserts that all three defendants are liable to him for violating his constitutional rights, a claim falling within the provisions of 42 U.S.C. §1983. The complaint is before the Court for purposes of an additional screening. For the following reasons, it will be recommended that the claims against Warden Brunsman be dismissed but that the case proceed with respect to the other two defendants.

    28 U.S.C. §1915(e)(2) provides that in proceedings <u>in forma pauperis</u>, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." 28 U.S.C. §1915A further provides that in any prisoner case, the Court shall dismiss the complaint or any portion of it if, upon an initial screening, it appears that the complaint fails to state a claim upon which relief can be granted or seeks monetary damages from a defendant who is immune from suit. The purpose of these statutory sections is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs

involved.  See Neitzke v. Williams, 490 U.S. 319 (1989).  A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact.  See id. at 325.  Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."  Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992).  A complaint may be dismissed for failure to state a claim upon which relief can be granted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v.Gibson, 355 U.S. 4l, 45-46 (l957).  Claims against defendants who are immune from suits for money damages, such as judges or prosecutors acting in their judicial or prosecutorial capacity, are also within the ambit of §1915A.  Pro se complaints are to be construed liberally in favor of the pro se party.  See Haines v. Kerner, 404 U.S. 519 (1972).  It is with these standards in mind that the plaintiff's complaint and application for leave to proceed in forma pauperis will be considered.

   The complaint alleges that while Mr. Jones was incarcerated at the Chillicothe Correctional Institution, he suffered an injury which caused him to be placed upon medical restriction.  For a period of time, that restriction was honored.  However, Mr. Jones contends that on one day, for malicious reasons, defendant Shoemaker, the food coordinator at the Institution, and Correction Officer Lemle (or Limle) forced him to work in violation of the restriction, causing him to suffer further injury.  Mr. Jones' claim against defendant Brunsman is described in the following words which appear on page 5 of the complaint:

> Defendant Timothy Brunsman's involvement in this violation is demonstrated when he learned of this egregious wrong and failed to correct it, created or allowed a policy to exist that harmed Plaintiff, and acted with deliberate indifference or gross negligence in managing his subordinates.

Allegations of direct involvement in constitutional deprivations, rather than attempts to impose liability by virtue of the doctrine of *respondeat superior*, are necessary in order to hold an individual defendant liable under §1983. Monell v. Department of Social Services, 436 U.S. 658 (1978). Although there are other legal claims that can properly be asserted against a supervisor simply because someone under his or her supervision may have committed a legal wrong, liability for constitutional deprivations under 42 U.S.C. §1983 cannot rest on such a claim. Consequently, unless the plaintiff's complaint affirmatively pleads the personal involvement of a defendant in the allegedly unconstitutional action about which the plaintiff is complaining, the complaint fails to state a claim against that defendant and dismissal is warranted. See also Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied 469 U.S. 845 (1984). This rule holds true even if the supervisor has actual knowledge of the constitutional violation as long as the supervisor did not actually participate in or encourage the wrongful behavior. See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (prison officials cannot be held liable under §1983 for failing to respond to grievances which alert them of unconstitutional actions); see also Stewart v. Taft, 235 F.Supp.2d 763, 767 (N.D. Ohio 2002) ("supervisory liability under §1983 cannot attach where the allegation of liability is based upon a mere failure to act").

Here, it is clear that Mr. Jones seeks to impose liability on Warden Brunsman only because of Warden Brunsman's supervisory position. He does not allege that Warden Brunsman was aware in advance that he was going to be forced to work in violation of

his medical restriction or that Warden Brunsman was involved in issuing the order which caused him to do so. Consequently, the complaint does not state a claim against Warden Brunsman under §1983.

Based upon the foregoing, it is recommended that the claims against defendant Brunsman be dismissed pursuant to 28 U.S.C. §§1915(e)(2) and 1915A. With respect to the other two defendants, the United States Marshal is ordered to serve the form civil rights complaint, a summons, and a copy of this Report and Recommendation on each of those defendants. The Clerk of Court is directed to mail a courtesy copy of the complaint and a copy of this Report and Recommendation to the Attorney General of Ohio, Criminal Justice Section, 30 East Broad Street, 26th Floor, Columbus, Ohio 43215. Each of the two remaining defendants is ordered to answer or otherwise respond to the complaint within forty-five days after being served with a copy of the complaint and summons.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a _de novo_ determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right

to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).


                                          <u>/s/ Terence P. Kemp</u>
                                          United States Magistrate Judge