```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Timothy C. Jones,             :

     Plaintiff,             :      Case No. 2:07-cv-0254

  v.                          :      JUDGE SARGUS

Timothy Brunsman, et al.,     :

     Defendants.            :

<u>ORDER</u>

This matter is before the Court on various motions filed by the plaintiff, Timothy C. Jones, and the defendants, Jeremiah Shoemaker and Scott Lemle. The Court resolves the motions as follows.

The plaintiff has filed a motion to appoint counsel (#15) and a motion for leave to supplement his motion for appointment of counsel (#34). The Court grants the motion to supplement (#34), but denies the motion to appoint counsel (#15) because this action has not yet progressed to the point where the Court is able to evaluate the merits of Mr. Jones' claims.

Mr. Jones filed a motion for judgment on the pleading (#16) which defendants Shoemaker and Lemle opposed. In ruling on a motion for judgment on the pleadings, the Court must accept as true all well-pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless entitled to judgment. <u>Southern Ohio Bank v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.</u>, 479 F.2d 478, 486 (6th Cir. 1973).

Applying the above standard to this case, it is clear that plaintiff's motion cannot be granted. The defendants have denied the material allegation of Mr. Jones' complaint and have raised affirmative defenses which, if proven, could defeat his

entitlement to relief.  Mr. Jones simply misconstrues the standards by which these motions must be decided apparently believing that this Court, for the purposes of his motion, must accept as true all the well-pleaded allegations of his complaint. Accordingly, the Court denies the motion for judgment on the pleadings (#16).

The plaintiff has filed a request for production of documents (#17), a request for production of additional documents (#26), and requests for admissions (#27).  Absent circumstances not present here, such discovery requests are not to be filed. Fed.R.Civ.P. 5(d).  The requests (#s 17, 26, and 27) are therefore stricken.

The plaintiff has filed a motion for a pretrial conference. Mr. Jones has failed to accompany his motion with a memorandum in support as required by Local Rule 7.2(a)(1) or to state otherwise any grounds for his request.  The plaintiff's motion for a pretrial conference (#18) is, therefore, denied.

The plaintiff has moved for an order postponing his deposition scheduled for May 24, 2007.  After the receipt of plaintiff's motion, defendants cancelled the May 24 deposition and rescheduled it for July 2, 2007.  It appears that the deposition went forward on the rescheduled date.  Mr. Jones' motion to postpone his deposition (#19) is, therefore, denied.

The defendants have moved to strike plaintiff's request for production of documents, motion for pretrial conference, motion for judgment on the pleadings and motion to postpone order of deposition because these various motions were not served on defendants' trial attorney.  Because it appears that the defendants' trial attorney has since received the motions and has been able to file responses, the motions to strike (#s 21 and 22) are denied as moot.

The plaintiff filed a motion to amend his complaint (#29)

which defendants opposed (#30).  As stated in his reply, Mr. Jones filed a second motion to amend his complaint on July 27, 2007, which purports to eliminate the defects raised by the defendants in their opposition brief.  Accordingly, it appears that Mr. Jones has withdrawn his first motion to amend or that the motion has become moot.  The motion to amend filed on June 27, 2007 (#29) is, therefore, denied.

Mr. Jones failed to attach a certificate of service to his second motion for leave to amend his complaint (#33) as required by Local Rules 5.2(a) and 7.2(a)(1).  For this reason and the fact that the Court cannot determine whether the defendants ever received a copy, the motion to amend complaint (#33) is also denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge